IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY <br> COMMISSION, <br> <br> Plaintiff, <br> <br> v. <br> <br> THE AGENCY STAFFING, <br> PEOPLELINK, LLC, <br> <br> Respondents. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**APPLICATION FOR AN ORDER TO SHOW
CAUSE WHY SUBPOENA SHOULD NOT BE ENFORCED**

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") files this Application for an order to show cause why the administrative subpoena *duces tecum*, requiring the production of documents, issued by the EEOC should not be enforced against Agency Staffing and Peoplelink, LLC ("Respondents"). In support of its Application, the EEOC states as follows:

1. This is an action for enforcement of a subpoena *duces tecum* pursuant to Sections 706, 709, and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9.

2. Jurisdiction is conferred upon the court by Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9.

3. The EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 710 of Title VII, 42 U.S.C. § 2000e-9.

4. Respondents have at all relevant times been an employer within the meaning of Section 701 (b) of Title VII, 42 U.S.C. §2000e(b).

5. On January 15, 2013, EEOC Commissioner Chai R. Feldblum filed a Commissioner's charge of discrimination, EEOC Charge No. 440-2013-01742 ("charge") against The Agency Staffing. *See* Declaration of Benjamin Arnold at ¶ 3, Exhibit A. The charge alleged that the Company violated Title VII "by denying hire to female applicants for certain positions, denying hire to male applicants for other certain positions and denying hire to Black applicants….[by] failing or refusing to recruit and hire based on sex; limiting, segregating, and/or classifying individuals based on their sex; and failing or refusing to hire based on race, Black."

6. On June 13, 2013, EEOC served on Agency Staffing a subpoena requesting information regarding hiring and job placement in the company's Task Generator system. *See* Arnold Dec. at ¶ 4(a), Exhibit B. Specifically requested in the subpoena was: : "c) Provide all populated fields/tables for the Customers Databases, d) Provide all populated fields/tables for the Job Orders Database." *Id.*

7. On July 29, 2013, Peoplelink acquired the assets of Agency Staffing. As a result, EEOC has amended its charge to include Peoplelink as a successor. In light of Peoplelink's acquisition of Agency Staffing's assets, EEOC issued a subpoena to Peoplelink on August 26, 2013 again requesting : "c) Provide all populated fields/tables for the Customers Databases, d) Provide all populated fields/tables for the Job Orders Database." *Id. See* Arnold Dec. at ¶ 4(b), Exhibit C.

8. In response to the subpoena, Agency Staffing filed a Petition to Revoke or, in the alternative, modify the June 13, 2013, subpoena. On August 30, 2013, Peoplelink filed its Petition to Revoke, or in the Alternative, Modify Subpoena. The petitions were denied in their entirety by the Commission on February 7, 2014. *See* Arnold Dec. at ¶ 4(c), Exhibit D.

9. After the Commission's ruling, Respondents provided some of the requested

2

information. However, Respondents failed to produce two key areas of requested information that have been captured on the Task Generator System: 1) information relating to job placement data and 2) notes. *See* Arnold Dec. at ¶ 4(d).

10. The Commission has repeatedly tried to work with Respondents to obtain this outstanding subpoenaed information by agreement. Despite admitting that the Respondents maintain databases with these fields, Respondents contend that data cannot be extracted from its database. Repeated attempts by the EEOC to set up conferences with IT professionals to get this data produced have been fruitless. *See* Arnold Dec. at ¶ 4(e).

WHEREFORE, the EEOC respectfully requests that this Court:

A. Immediately issue an Order to Show Cause directing Respondents to appear before this Court on a certain date to show cause why an order should not issue directing Respondents to comply with the EEOC's Subpoena;

B. Upon return of this Order to Show Cause, issue an order directing Respondents to comply fully with the Subpoena by a date certain;

C. Award the EEOC its costs in bringing this action; and

D. Grant the EEOC such further relief as may be necessary and appropriate.

Respectfully submitted,

Date: February 12, 2015

/s *Richard J. Mrizek*
Richard J. Mrizek
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8117